UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     **Plaintiff,**<br><br>vs.<br><br>THE REAL PROPERITES LOCATED AT:<br><br> 164 CHESTNUT STREET,<br> ENGLEWOOD CLIFFS, NEW JERSEY;<br><br> 5506 INSPIRATION TERRACE,<br> BRADENTON, FLORIDA;<br><br> 465 BRICKELL AVE., UNIT 4002,<br> MIAMI, FLORIDA;<br><br> 465 BRICKELL AVENUE, UNIT 4001,<br> MIAMI FLORIDA;<br><br> 1740 TAYLOR AVENUE,<br> BRONX, NEW YORK; AND<br><br>ONE 2009 BENTLEY CONTINENTAL FLYING SPUR SEDAN, VEHICLE IDENTIFICATION NUMBER SCBBP93W39C061317,<br><br>     **Defendants** *in rem.* | Honorable Esther Salas<br><br>Civil Action No. 14-7936<br><br>WILLKIE FARR & GALLAGHER LLP'S VERIFIED CLAIM OF INTEREST |

  Willkie Farr & Gallagher LLP, by and through its attorneys, Dechert LLP, files and submits this Verified Claim of Interest pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and 18 U.S.C § 983, asserting an interest in, and claim to, the real properties located at 164 Chestnut Street, Englewood Cliffs, New Jersey; 5506 Inspiration Terrace, Bradenton, Florida; 465 Brickell Ave., Unit 4002, Miami, Florida; 465 Brickell Avenue, Unit 4001, Miami Florida;

15540801

1740 Taylor Avenue, Bronx, New York, and the Bentley (collectively, the "Properties"), and hereby contests forfeiture of those Properties.

In support of this Verified Claim of Interest, and as grounds for the relief requested herein, Willkie states:

## STATEMENT OF CLAIM OF INTEREST

1. The Government filed a Verified Complaint for Forfeiture *In Rem* (the "Complaint") naming Law Firm 1 and Law Firm 2 as victims of the fraudulent actions of Keila Ravelo and Melvin Feliz. Compl. ¶¶ 11, 12.[1] Law Firm 2 is Willkie Farr & Gallagher LLP ("Willkie"), the claimant herein.

2. Keila Ravelo was a partner at Law Firm 1 prior to 2008. Compl. ¶ 13. Ravelo left law Firm 1 and joined Willkie as a Partner on or about October 1, 2010. Compl. ¶ 15.

3. The proceeds of the fraudulent scheme alleged in the Complaint "consisted of payments from Law Firm 1 and [Willkie]" that were deposited into bank accounts for Vendor 1 and 2, as defined in the Complaint (the "Vendor 1 and 2 Accounts"). Compl. ¶ 22. These Vendors "provided little or no services" to the Law Firms. Compl. ¶¶ 16, 18.

4. Ravelo and Feliz transferred the fraudulent proceeds from the Vendor 1 and 2 Accounts to their Joint Bank Account and/or Ravelo Account, as defined in the Complaint, "in connection with the purchase or improvement of the defendant properties." Compl. ¶¶ 11.a, 23, 25, 26.

5. Law Firm 1 and Willkie each paid Vendor 1 for services during two nearly distinct time periods that correspond with the periods when Ravelo was a partner in each:

---

[1] Hereinafter "Compl." refers to the Government's Complaint for Forfeiture In Rem, Dkt. No. 1, in the above-referenced action.

      a. Between approximately January 25, 2008 through November 23, 2010, Law Firm 1 paid Vendor 1 more than $2,000,000 for litigation support services. Compl. ¶ 14.

      b. Between approximately "September 1, 2010 and August, 2014, [Willkie] paid Vendor 1 more than $2,000,000" for services. Compl. ¶ 16.

6. Only Willkie paid Vendor 2 for services. Compl. ¶¶ 18, 22. Between approximately "May 18, 2011, and August, 17, 2012, [Willkie] paid Vendor 2 more than $750,000" for services. Compl. ¶ 18.

7. As conceded by the Government in the Complaint, the defendant Properties were purchased and/or improved with money converted by Ravelo and Feliz from Law Firm 1 and Willkie. Compl. ¶¶ 11, 12, 16, 18, 22, 23, 25, 26, 28, 29.

8. Accordingly, by the Government's allegations, Willkie is directly involved with the Properties in this forfeiture action and has an ownership interest in them.

9. Because Ravelo used funds paid to Vendors 1 and 2 by Willkie to purchase and/or improve the Properties, Willkie is the beneficiary of a constructive trust over these Properties. This interest existed prior to the seizure of such Properties by the Government. Thus, Willkie's ownership interest in these Properties is superior to that of the Government.

10. Willkie has a specific ownership interest in the Properties as follows:

### 164 Chestnut Street

11. Beginning on or about August 11, 2006, approximately $46,000 in fraudulent proceeds were transferred from the Vendor 1 and/or Vendor 2 Accounts to the Ravelo Account and were used to pay the Citibank mortgage on this property. Compl. ¶¶ 30, 31, 39.

12. Ravelo joined Willkie on or about October 1, 2010. Of the approximately $46,000 in fraudulent proceeds, the amounts transferred from the Vendor 1 and/or Vendor 2

-3-

15540801

Accounts to the Ravelo Account on or after October 1, 2010 and used to make mortgage payments on this property belong to Willkie.

13. Willkie thus has an ownership interest in 164 Chestnut Street as a constructive trust beneficiary.

### 5506 Inspiration Terrace

14. Beginning on or about July 15, 2011, approximately $479,000 in fraudulent proceeds were paid directly from the Vendor 1 and Vendor 2 Accounts or transferred from the Vendor 1 and Vendor 2 Accounts to the Joint Bank Account and/or the Ravelo Account and used "toward the purchase of Lot 17, Legends Bay and the construction of a residence thereon." Compl. ¶¶ 43-51.

15. Ravelo joined Willkie on or about October 1, 2010. All of the approximately $479,000 in fraudulent proceeds transferred from the Vendor 1 and Vendor 2 Accounts and used toward the purchase and construction of the property belong to Willkie.

16. Willkie thus has an ownership interest in 164 Chestnut Street as a constructive trust beneficiary.

### Brickell Avenue, Unit 4002

17. Beginning on May 11, 2011, approximately $154,800 in fraudulent proceeds were transferred from the Vendor 1 and/or Vendor 2 Accounts to the Joint Bank Account, which were "used toward the purchase of Brickell Avenue Unit 4002." Compl. ¶¶ 53-58.

18. Beginning on or about May 11, 2011, approximately $13,800 in fraudulent proceeds were transferred from the Vendor 1 and/or Vendor 2 Accounts to the Ravelo Account, which were used to pay the mortgage on this property. Compl. ¶ 52, 59.

19. Ravelo joined Willkie on or about October 1, 2010. All of the approximately $168,600 in fraudulent proceeds transferred from the Vendor 1 and/or Vendor 2 Accounts and used to purchase and/or make mortgage payments on this property belong to Willkie.

20. Willkie thus has an ownership interest in Brickell Avenue, Unit 4002, as a constructive trust beneficiary.

### Brickell Avenue, Unit 4001

21. Beginning on or about July 6, 2010, approximately $6,000 in fraudulent proceeds were transferred from the Vendor 1 and/or Vendor 2 Accounts to the Ravelo Account, which were used to pay the mortgage on this property. Compl. ¶¶ 60, 61, 67.

22. Ravelo joined Willkie on or about October 1, 2010. Of the approximately $6,000 in fraudulent proceeds, amounts transferred on or after October 1, 2010 from the Vendor 1 and/or Vendor 2 Accounts and used to pay the mortgage on this property belong to Willkie.

23. Willkie thus has an ownership interest in Brickell Avenue, Unit 4001, as a constructive trust beneficiary.

### 1740 Taylor Avenue

24. Beginning on or about April 1994 and ending in January 2012, approximately $24,500 in fraudulent proceeds were transferred from the Vendor 1 and/or Vendor 2 Accounts to the Joint Bank Account, which were used to pay Bank of America's mortgage on this property. Compl. ¶¶ 68, 70.

25. Beginning in February 2012, approximately $2,800 in fraudulent proceeds were used to pay Citibank's mortgage on this property. Compl. ¶¶ 68, 71.

26. Ravelo joined Willkie on or about October 1, 2010. Of the approximately $24,500 in fraudulent proceeds used to pay the Bank of America mortgage on this property, the amounts transferred from the Vendor 1 and/or Vendor 2 Accounts on or after October 1, 2010

belong to Willkie. Likewise, all of the approximately $2,800 in fraudulent proceeds used to pay the Citibank mortgage belongs to Willkie.

27.     Willkie thus has an ownership interest in 1740 Taylor Avenue, as a constructive trust beneficiary.

### Bentley

28.     Beginning in or about April 2009, approximately $52,000 was transferred from the Vendor 1 and/or Vendor 2 Accounts to the Ravelo Account, which were used to pay the car loan on this property. Compl. ¶ 74.

29.     Ravelo joined Willkie on or about October 1, 2010. Of the approximately $52,000 in fraudulent proceeds, the amounts transferred from the Vendor 1 and/or Vendor 2 Accounts to the Ravelo Account and used to make the car loan payments on or after October 1, 2010 belong to Willkie.

30.     Willkie thus has an ownership interest in the Bentley, as a constructive trust beneficiary.

### INNOCENT OWNERSHIP

31.     Under 18 U.S.C. § 983(d), Willkie is an innocent owner of the Properties because Willkie did not know of the conduct giving rise to the forfeiture, § 983(d)(2)(A), and/or was a bona fide purchaser for value that did not know and was reasonably without cause to believe that the property was subject to forfeiture, § 983(d)(3)(A).

### TIMELINESS

32.     The filing of this claim is timely. Willkie received notice of this forfeiture action by the Government's publication of a Notice of Forfeiture on the official internet government forfeiture site. *See* Exhibit A. Claimants notified in this manner are given 60 days from the first

15540801

day of publication to file a claim. Fed. R. Civ. P. Supp. G(5)(a)(ii)(B); *accord* Exhibit A. This claim is being filed in the time prescribed by law.

**WHEREFORE,**

33. Willkie claims an interest in the Properties and requests entry of judgment declaring Willkie a constructive trust beneficiary of the Properties; and

34. Willkie objects to the forfeiture of the Properties located at 164 Chestnut Street, Englewood Cliffs, New Jersey; 5506 Inspiration Terrace, Bradenton, Florida; 465 Brickell Ave., Unit 4002, Miami, Florida; 465 Brickell Avenue, Unit 4001, Miami Florida; 1740 Taylor Avenue, Bronx, New York, and the Bentley; and

35. Willkie requests such other and further relief as the Court deems just and equitable.

Dated: New York, NY
March 24, 2015

                                                DECHERT LLP

                                By: *David A. Kotler* (signature)
                                                David A. Kotler
                                                902 Carnegie Center, Suite 500
                                                Princeton, NJ 08540-6531
                                                Telephone: (609) 955-3226
                                                Facsimile: (609) 873-9135
                                                David.kotler@dechert.com

                                                Robert Jossen
                                                Jeffrey A. Brown
                                                Brian E. Greer
                                                1095 Avenue of the Americas
                                                New York, NY 10036-6797
                                                Telephone: (212)698-3639
                                                Facsimile: (212) 698-3599
                                                Robert.jossen@dechert.com

                                                *Attorneys for Claimant Willkie Farr &*
                                                *Gallagher LLP*

15540801

## VERIFICATION

STATE OF NEW YORK        )
                         )ss:
COUNTY OF NEW YORK       )

Brian E. O'Connor, being duly sworn, deposes and says:

I am a member of Willkie Farr & Gallagher LLP, a law firm, claimant in this action. I have read the foregoing Verified Claim of Interest, and I know the contents of the same to be true to my own knowledge. I make this verification because Willkie Farr & Gallagher is a law firm and I am a member thereof. The grounds and basis for my knowledge and belief are Willkie Farr & Gallagher's books and records and the Complaint in the above-referenced action.

_____
Brian E. O'Connor

Sworn to before me
on the 24th day of March, 2015

_Eunice V. Kang_
Notary Public

EUNICE V. KANG
Notary Public, State of New York
No. 01KA6235129
Qualified in Queens County
Certificate Filed in New York County
Commission Expires Feb. 7, 2019

-8-

## CERTIFICATE OF SERVICE

I, Luis A. Lopez, pursuant to 28 U.S.C. § 1746, under penalty of perjury, certify that on March 25, 2015, I served a true and correct copy of the foregoing by U.S. Mail, first class postage pre-paid, on Assistant United States Attorney Marion Percell, the government attorney designated under the Federal Rules of Civil Procedure Supplemental Rule G(4)(a)(ii)(C) as follows:

>Assistant United States Attorney Marion Percell
>United States Attorney's Office
>District of New Jersey
>970 Broad Street, Suite 700
>Newark, NJ 07102

_____
LUIS A. LOPEZ

15540801