UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------ x

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| vs. : | |
| THE REAL PROPERTIES LOCATED AT: : | |
| 164 CHESTNUT STREET,<br>ENGLEWOOD CLIFFS, NEW JERSEY; : | |
| : | |
| 5506 INSPIRATION TERRACE,<br>BRADENTON, FLORIDA; : | Honorable Esther Salas |
| 465 BRICKELL AVE., UNIT 4002,<br>MIAMI, FLORIDA; : | Civil Action No. 14-7936 |
| : | MASTERCARD'S VERIFIED<br>CLAIM OF INTEREST |
| 465 BRICKELL AVE., UNIT 4001,<br>MIAMI, FLORIDA; : | |
| 1740 TAYLOR AVENUE,<br>BRONX, NEW YORK; AND : | |
| : | |
| ONE 2009 BENTLEY CONTINENTAL FLYING<br>SPUR SEDAN, VEHICLE IDENTIFICATION :<br>NUMBER SCBBP93W39C061317 | |
| : | |
| Defendants *in rem*. | |
| : | |

------------------------------------------------------------

MasterCard Incorporated and MasterCard International Incorporated ("MasterCard"), by and through its attorneys, Paul, Weiss, Rifkind, Wharton & Garrison LLP, files and submits this Verified Claim of Interest pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and 18 U.S.C. § 983, asserting an interest in, and claim

to, the real properties located at 164 Chestnut Street, Englewood Cliffs, New Jersey; 5506 Inspiration Terrace, Bradenton, Florida; 456 Brickell Avenue, Unit 4002, Miami, Florida; 456 Brickell Avenue, Unit 4001, Miami, Florida; 1740 Taylor Ave., Bronx, New York; and the Bentley (collectively the "Properties"), and hereby contests forfeiture of those Properties.

In support of this Verified Claim of Interest, and as grounds for the relief requested herein, MasterCard states:

### STATEMENT OF CLAIM OF INTEREST

1.  The Government filed a verified Complaint for Forfeiture *In Rem* (the "Complaint") naming Client 1, Law Firm 1, and Law Firm 2 as victims of the fraudulent actions of Keila Ravelo and Melvin Feliz. Compl. ¶¶ 11, 12.[1] Client 1 is MasterCard, the claimant herein.

2.  Keila Ravelo was a partner at Law Firm 1 prior to 2010. Compl. ¶ 13. Ravelo left Law Firm 1 and joined Law Firm 2 as a partner on or about October 1, 2010. Compl. ¶ 15. MasterCard was Ravelo's client while she was at Law Firm 1 and during her entire time at Law Firm 2. Compl. ¶¶ 11, 13, 15.

3.  As alleged in the Complaint, Ravelo and Feliz created Vendor 1 and Vendor 2 and used these vendors "fraudulently to obtain money from Law Firm 1, Law Firm 2, and Client 1 by submitting or causing the submission of invoices for work that was not performed." Compl. ¶ 12. Payments for the services of the vendors flowed from

---

[1] "Compl." refers to the Government's Complaint for Forfeiture *In Rem*, Dkt. No. #1, in the above-referenced action.

2

MasterCard, as the client, to Law Firm 1 and Law Firm 2. The law firms deposited money into bank accounts for Vendor 1 and Vendor 2, as specified in the Complaint, despite these vendors providing "little or no services[.]" Compl. ¶¶ 16, 18, 22.

4. Ravelo and Feliz transferred the fraudulent proceeds from Vendor 1 and Vendor 2's accounts to their Joint Bank Account and/or Ravelo Account, as defined in the Complaint, "in connection with the purchase or improvement of the defendant properties." Compl. ¶¶ 11, 23, 25, 26.

5. Between approximately January 25, 2008 through August, 2014, the two law firms paid the two fraudulent vendors over $4.7 million. Compl. ¶¶ 14, 16, 18, 22. The services of Vendor 1 and Vendor 2 were procured by both Law Firms for the benefit of their client MasterCard and the Law Firms in turn billed MasterCard for the costs of Vendor 1 and Vendor 2's fraudulent services.

6. As conceded by the Government in the Complaint, the defendant Properties were purchased and/or improved with money converted by Ravelo and Feliz which flowed from MasterCard through Law Firm 1 and Law Firm 2. Compl. ¶¶ 11, 12, 16, 18, 22, 23, 25, 26, 28, 29.

7. Accordingly, by the Government's allegations, MasterCard is directly involved with the Properties in this forfeiture action and has an ownership interest in them.

8. Because Ravelo used funds paid by MasterCard, through Law Firm 1 and Law Firm 2, to Vendor 1 and Vendor 2 to purchase and/or improve the Properties,

MasterCard is the beneficiary of a constructive trust over these Properties. This interest existed prior to the seizure of such Properties by the Government. Thus, MasterCard's ownership interest in these Properties is superior to that of the Government.

9. MasterCard has a specific ownership interest in the Properties as follows:

### 164 Chestnut Street

10. Beginning on or about August 11, 2006, approximately $583,000 in fraudulent proceeds were transferred from the Vendor 1 and/or Vendor 2 Accounts to the Ravelo Account and were used to pay the Citibank mortgage on this property and/or for improvements on this property. Compl. ¶¶ 30, 31, 32.

11. Ravelo represented MasterCard at all relevant times. The approximately $583,000 in fraudulent proceeds transferred from the Vendor 1 and/or Vendor 2 Accounts to the Ravelo Account and used to make mortgage payments on this property and/or for improvements on this property belong to MasterCard.

12. MasterCard thus has an ownership interest in 164 Chestnut Street as a constructive trust beneficiary.

### 5506 Inspiration Terrace

13. Beginning on or about July 15, 2011, approximately $479,000 in fraudulent proceeds were paid directly from the Vendor 1 and Vendor 2 Accounts or transferred from the Vendor 1 and Vendor 2 Accounts to the Joint Bank Account and/or

the Ravelo Account and used "toward the purchase of Lot 17, Legends Bay and the construction of a residence thereon." Compl. ¶¶ 43-51.

14. Ravelo represented MasterCard at all relevant times. All of the approximately $479,000 in fraudulent proceeds transferred from the Vendor 1 and Vendor 2 Accounts and used toward the purchase and construction of the property belong to MasterCard.

15. MasterCard thus has an ownership interest in 5506 Inspiration Terrace as a constructive trust beneficiary.

### Brickell Avenue, Unit 4002

16. Beginning on May 11, 2011, approximately $154,800 in fraudulent proceeds were transferred from the Vendor 1 and/or Vendor 2 Accounts to the Joint Bank Account, which were "used toward the purchase of Brickell Avenue Unit 4002." Compl. ¶¶ 53-58.

17. Beginning on or about May 11, 2011, approximately $13,800 in fraudulent proceeds were transferred from the Vendor 1 and/or Vendor 2 Accounts to the Ravelo Account, which were used to pay the mortgage on this property. Compl. ¶¶ 52, 59.

18. Ravelo represented MasterCard at all relevant times. All of the approximately $168,600 in fraudulent proceeds transferred from the Vendor 1 and Vendor 2 Accounts and used to purchase and/or make mortgage payments on this property belong to MasterCard.

19. MasterCard thus has an ownership interest in Brickell Avenue, Unit 4002, as a constructive trust beneficiary.

### Brickell Avenue, Unit 4001

20. Beginning on or about July 6, 2010, approximately $111,000 in fraudulent proceeds were transferred from the Vendor 1 and/or Vendor 2 Accounts to the Ravelo Account, which were used for the purchase of the property and for subsequent mortgage payments on this property. Compl. ¶¶ 60, 61, 67.

21. Ravelo represented MasterCard at all relevant times. All of the approximately $111,000 in fraudulent proceeds transferred from the Vendor 1 and Vendor 2 Accounts and used to purchase and/or make mortgage payments on this property belong to MasterCard.

22. MasterCard thus has an ownership interest in Brickell Avenue, Unit 4001, as a constructive trust beneficiary.

### 1740 Taylor Avenue

23. Beginning on or about April 1994 and ending in January 2012, approximately $24,500 in fraudulent proceeds were transferred from the Vendor 1 and/or Vendor 2 Accounts to the Joint Bank Account, which were used to pay Bank of America's mortgage on this property. Compl. ¶¶ 68, 70.

24. Beginning in February 2012, approximately $2,800 in fraudulent proceeds were used to pay Citibank's mortgage on this property. Compl. ¶¶ 68, 71.

25. Ravelo represented MasterCard at all relevant times. All of the approximately $27,300 in fraudulent proceeds transferred from the Vendor 1 and Vendor 2 Accounts and used to make mortgage payments on this property belong to MasterCard.

26. MasterCard thus has an ownership interest in 1740 Taylor Avenue, as a constructive trust beneficiary.

### Bentley

27. Beginning in or about April 2009, approximately $62,000 were transferred from the Vendor 1 and/or Vendor 2 Accounts to the Ravelo Account, which were used to pay Bentley and its servicing company. Compl. ¶ 75.

28. Ravelo represented MasterCard at all relevant times. All of the approximately $62,000 in fraudulent proceeds transferred from the Vendor 1 and Vendor 2 Accounts and used to pay Bentley and its servicing company belong to MasterCard.

29. MasterCard thus has an ownership interest in the Bentley, as a constructive trust beneficiary.

### INNOCENT OWNERSHIP

30. Under 18 U.S.C. § 983(d), MasterCard is an innocent owner of the Properties because MasterCard did not know of the conduct giving rise to the forfeiture, § 983(d)(2)(A), and/or was a bona fide purchaser for value that did not know and was reasonably without cause to believe that the property was subject to forfeiture, § 983(d)(3)(A).

## TIMELINESS

31.     The filing of this claim is timely. MasterCard received notice of this forfeiture action by the Government's publication of a Notice of Forfeiture on the official internet government forfeiture site. *See* Exhibit A. Claimants notified in this manner are given 60 days from the first day of publication to file a claim. Fed. R. Civ. P. Supp. G(5)(a)(ii)(B); *accord* Exhibit A. This claim is being filed in the time prescribed by law.

**WHEREFORE,**

32. MasterCard claims an interest in the Properties and requests entry of judgment declaring MasterCard a constructive trust beneficiary of the Properties; and

33. MasterCard objects to the forfeiture of the Properties located at 164 Chestnut Street, Englewood Cliffs, New Jersey; 5506 Inspiration Terrace, Bradenton, Florida; 465 Brickell Ave., Unit 4002, Miami, Florida; 465 Brickell Avenue, Unit 4001, Miami, Florida; 1740 Taylor Avenue, Bronx, New York, and the Bentley; and

34. MasterCard requests such other and further relief as the Court deems just and equitable.

Dated: March 25, 2015.

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: *Theodore V. Wells, Jr.*
Theodore V. Wells, Jr.
Andrew C. Finch
Gary R. Carney
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
twells@paulweiss.com

Kenneth A. Gallo
2001 K Street, NW
Washington, DC 2006
(202) 223-7300

*Attorneys for Claimants MasterCard Incorporated and MasterCard International Incorporated*

## VERIFICATION

STATE OF NEW YORK       )
                        )ss:
COUNTY OF WESTCHESTER   )

Abby C. Fiorella, being duly sworn, deposes and says:

I am General Auditor of MasterCard, a corporation, claimant in this action. I have read the foregoing Verified Claim of Interest, and I know the contents of the same to be true to my own knowledge. I make this verification because MasterCard is a corporation and I am General Auditor thereof. The grounds and basis for my knowledge and belief are MasterCard's books and records and the Complaint in the above-referenced action.

_____
Abby C. Fiorella

Sworn to before me
On the 25th day of March, 2015

_____
Notary Public

ANNETTE MORLINO
Notary Public, State of New York
No. 01M06011261
Qualified in Westchester County
Commission Expires August, 3, 20[18]

## **CERTIFICATE OF SERVICE**

I, Theodore V. Wells, Jr., pursuant to 28 U.S.C. § 1746, under penalty of perjury, certify that on March 25, 2015, I served a true and correct copy of the foregoing by U.S. Mail, first class postage pre-paid, on Assistant United States Attorney Marion Percell, the government attorney designated under the Federal Rules of Civil Procedure Supplemental Rule G(4)(a)(ii)(C) as follows:

> Assistant United States Attorney Marion Percell
> United States Attorney's Office
> District of New Jersey
> 970 Broad Street, Suite 700
> Newark, NJ 07102

/s/ Theodore V. Wells, Jr.
THEODORE V. WELLS, JR.

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## COURT CASE NUMBER: 14-7936; NOTICE OF FORFEITURE ACTION

Pursuant to 18 U.S.C. § 981, the United States filed a verified Complaint for Forfeiture against the following property:

The Real Property located at 164 Chestnut Street, Borough of Englewood Cliffs, County of Bergen, New Jersey, the record owner of which is Keila Ravelo (15-IRS-000117)

The Real Property located at 5506 Inspiration Terrace, City of Bradenton, County of Manatee, Florida, the record owner of which is Worldwide Life Design, LLC (15-IRS-000120)

The Real Property located at 465 Brickell Ave, Unit 4002, City of Miami, County of Miami-Dade, Florida, the record owner of which is Keila Ravelo (15-IRS-000121)

The Real Property located at 465 Brickell Ave, Unit 4001, City of Miami, County of Miami-Dade, Florida, the record owner of which is Keila Ravelo (15-IRS-000122)

The Real Property located at 1740 Taylor Avenue, Borough of the Bronx, County of Bronx, New York, the record owner of which is Melvin Feliz  (15-IRS-000123)

Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (January 24, 2015) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. 18 U.S.C. § 983(h)(1) permits a court to impose a civil fine on anyone asserting an interest in property which the court determines was frivolous.

The verified Claim and Answer must be filed with the Clerk of the Court, Martin Luther King Federal Building & U.S. Courthouse, 50 Walnut Street, Room 4105, Newark, NJ 07101-0419, and copies of each served upon Assistant United States Attorney Marion Percell, 970 Broad Street,, Suite 700, Newark, NJ  07102, or default and forfeiture will be ordered.  See, 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.