UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | : | |
| | : | |
| vs. | : | |
| THE REAL PROPERTIES LOCATED AT: | : | |
| 164 CHESTNUT STREET,<br>ENGLEWOOD CLIFFS, NEW JERSEY; | : | Honorable Esther Salas |
| | : | |
| 5506 INSPIRATION TERRACE,<br>BRADENTON, FLORIDA; | : | Civil Action No. 14-7936 |
| | : | |
| 465 BRICKELL AVENUE, UNIT 4002,<br>MIAMI, FLORIDA; | : | HUNTON & WILLIAMS<br>LLP'S VERIFIED CLAIM<br>OF INTEREST |
| 465 BRICKELL AVENUE, UNIT 4001,<br>MIAMI, FLORIDA; AND | : | |
| | : | |
| 1704 TAYLOR AVENUE,<br>BRONX, NEW YORK; and | : | |
| ONE 2009 BENTLEY CONTINENTAL FLYING<br>SPUR SEDAN, VEHICLE IDENTIFICATION<br>NUMBER SCBBP93W39C061317, | : | |
| | : | |
| Defendants *in rem*. | : | |

Hunton & Williams LLP ("H&W") submits this Verified Claim of Interest pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and 18 U.S.C. § 983, asserting an interest in the six properties identified as Defendants *in rem* in this matter (collectively, "the Properties"), and hereby contests forfeiture of those Properties. In support of this Verified Claim of Interest, H&W states as follows:

I.  **STATEMENT OF CLAIM OF INTEREST**

1. On December 22, 2014, the Government filed a Verified Complaint for Forfeiture *In Rem* ("Complaint") naming "Law Firm 1" as a victim of the fraudulent actions of Keila Ravelo and Melvin Feliz. Compl. ¶ 11(c), 11(f), 12, 14.

2. Law Firm 1 is H&W, where Ravelo was a partner from July 1, 2005, through September 30, 2010. *Cf.* Compl. ¶ 11(c). While affiliated with H&W, Ravelo represented MasterCard International Incorporated and MasterCard Incorporated (collectively, "MasterCard"), referred to as "Client 1" in the Complaint.[1]

3. As alleged in the Complaint, Ravelo and Feliz created "Vendor 1" in January 2008, which received over $2 million in payments from H&W from January 2008 through November 2010 for litigation support work that was not in fact provided. The payments made by H&W to Vendor 1 were instead diverted by Ravelo and Feliz for their personal use. Compl. ¶ 11(f), 12, 14.

4. As further alleged in the Complaint, the proceeds fraudulently obtained from H&W by Ravelo and Feliz were first placed into a bank account maintained by Vendor 1 (the "Vendor 1 Account") and then transferred into a joint bank account maintained by Ravelo and Feliz (the "Joint Bank Account") and an account maintained by Ravelo (the "Ravelo Account"). Compl. ¶ 11(a), 22-23, 25. These fraudulently obtained proceeds were then used for the purchase or improvement of the Properties. Compl. ¶ 26.

5. Based on the Government's allegations in its Complaint, H&W as "Law Firm 1" is directly involved with the Properties and has an ownership interest in them as the beneficiary of a constructive trust. Because this interest existed prior to the seizure of the Properties by the

---

[1] *See also* MasterCard's Verified Claim of Interest, Dkt. 26, in which MasterCard identifies itself as "Client 1."

2

Government, H&W's ownership interest in the Properties is superior to that of the Government. Moreover, H&W is an "innocent owner" because it was not aware of the conduct giving rise to forfeiture. *See* 18 U.S.C. § 983(d).

### A. 164 Chestnut Street, Englewood Cliffs, New Jersey

6. The Government alleges that Ravelo and Feliz made payments of at least $583,000 in connection with the acquisition of 164 Chestnut Street in 2006 and improvements to that property that are traceable to the fraudulent proceeds. Compl. ¶ 30, 32-33.

7. This amount includes $426,000 paid to contractors and suppliers from the Joint Bank Account and $111,000 paid directly to three companies from the Vendor 1 Account, all between August 2008 and July 2010, while Ravelo was a partner with H&W. Compl. ¶ 33, 37. This entire amount can thus be traced solely to payments made by H&W to Vendor 1.

8. This amount further includes $46,000 paid from the Ravelo Account to Citibank for the mortgage on the property, first obtained at the time of purchase in August 2006, and later refinanced in 2011. Compl. ¶ 30-31, 39. Any mortgage payments made through September 30, 2010 can be traced solely to payments made by H&W to Vendor 1. Mortgage payments made on or after October 1, 2010, may nevertheless be traceable to payments made by H&W to Vendor 1, because (a) H&W made payments to Vendor 1 through November 2010 for invoices dated prior to Ravelo's departure from H&W and (b) amounts paid by H&W through November 2010 may have been moved to the Ravelo Account even after that date.

9. H&W thus has an ownership interest in 164 Chestnut Street as a constructive trust beneficiary.

3

### B.   5506 Inspiration Terrace, Bradenton, Florida

10.   This property was purchased by Worldwide Life Design, LLC[2] on September 15, 2011, after Ravelo had left H&W. Compl. ¶ 40. The Government alleges that approximately $479,000 in fraudulently obtained proceeds were used to purchase the lot and construct a residence. Compl. ¶ 43.

11.   This amount includes: (a) $125,000 transferred from the Joint Bank Account to the Ravelo Account and used by Ravelo to write checks in July 2011, (b) a $7,000 wire transfer from the Joint Bank Account in March 2012, and (c) two checks for a total of $150,000 paid out of the Vendor 1 Account in April and May 2012. Compl. ¶ 44-47. These various payments totaling $282,000, although made after Ravelo's departure from H&W, may nevertheless be traceable to payments made by H&W to Vendor 1, because (a) H&W made payments to Vendor 1 through November 2010 for invoices dated prior to Ravelo's departure from H&W and (b) amounts paid by H&W through November 2010 may have remained in the Vendor 1 Account, or been moved to the Joint Bank Account, even after that date.

12.   H&W thus has an ownership interest in 5506 Inspiration Terrace as a constructive trust beneficiary.

### C.   465 Brickell Avenue, Unit 4002, Miami, Florida

13.   The Government alleges that approximately $154,800 in fraudulently obtained proceeds were used to purchase this property in May 2011 and pay the mortgage. Compl. ¶ 52-53.

14.   This amount includes a check and two wire transfers from the Joint Bank Account in May 2011 for a total $233,310.55, of which $141,000 is traceable to proceeds of the

---

[2] Ravelo is the Member/Manager of Worldwide Life Design, LLC. *See* Verified Claim of Worldwide Life Design, LLC and Keila Ravelo, Dkt. 11.

4

fraudulent scheme. Compl. ¶ 54-58. This amount also includes payments from the Ravelo Account for the Citibank mortgage obtained in May 2011, of which $13,800 is traceable to proceeds of the fraudulent scheme. Compl. ¶ 59.

15. Although these payments were made after Ravelo's departure from H&W, they may nevertheless be traceable to payments made by H&W to Vendor 1, because (a) H&W made payments to Vendor 1 through November 2010 for invoices dated prior to Ravelo's departure from H&W and (b) amounts paid by H&W through November 2010 may have been moved to the Joint Bank Account or the Ravelo Account even after that date.

16. H&W thus has an ownership interest in 465 Brickell Avenue, Unit 4002 as a constructive trust beneficiary.

### D. 465 Brickell Avenue, Unit 4001, Miami, Florida

17. The Government alleges that approximately $111,000 in fraudulently obtained proceeds were used to purchase this property in July 2010 and pay the mortgage. Compl. ¶ 60-61.

18. This amount includes $105,000 applied to the deposit for this property at the time a wire was sent from the Ravelo Account to the Chicago Title Insurance Company in February 2010, while Ravelo was still with H&W. Compl. ¶ 64, 66. This entire amount can thus be traced solely to payments made by H&W to Vendor 1.

19. This amount further includes $6,000 paid from the Ravelo Account to Citibank for the mortgage on the property. Compl. ¶ 67. Any mortgage payments made through September 30, 2010 can be traced solely to payments made by H&W to Vendor 1. Mortgage payments made on or after October 1, 2010, may nevertheless be traceable to payments made by H&W to Vendor 1, because (a) H&W made payments to Vendor 1 through November 2010 for

invoices dated prior to Ravelo's departure from H&W and (b) amounts paid by H&W through November 2010 may have been moved to the Ravelo Account even after that date.

20. H&W thus has an ownership interest in 465 Brickell Avenue, Unit 4001 as a constructive trust beneficiary.

### E. 1740 Taylor Avenue, Bronx, NY

21. The Government alleges that approximately $27,300 in payments for this property can be traced to proceeds of the fraudulent scheme. Compl. ¶ 69.

22. This amount includes: (a) $24,500 in mortgage payments made from the Joint Bank Account through January 2012 and (b) $2,800 in mortgage payments made from the Ravelo Account beginning in February 2012. Compl. ¶ 70-71. Any mortgage payments made through September 30, 2010 can be traced solely to payments made by H&W to Vendor 1. Mortgage payments made on or after October 1, 2010, may nevertheless be traceable to payments made by H&W to Vendor 1, because (a) H&W made payments to Vendor 1 through November 2010 for invoices dated prior to Ravelo's departure from H&W and (b) amounts paid by H&W through November 2010 may have been moved to the Joint Bank Account or the Ravelo Account even after that date.

23. H&W thus has an ownership interest in 1740 Taylor Avenue as a constructive trust beneficiary.

### F. Bentley Sedan

24. The Government alleges that $62,000 in payments for this vehicle can be traced to proceeds of the fraudulent scheme. Compl. ¶ 75.

25.     This amount includes $10,000 in payments from the Ravelo Account in April and May 2009, while Ravelo was still with H&W.  Compl. ¶ 73.  This entire amount can thus be traced solely to payments made by H&W to Vendor 1.

26.     This amount also includes $52,000 in payments from the Ravelo Account beginning in June 2009 . Compl. ¶ 74.  Any car payments made through September 30, 2010 can be traced solely to payments made by H&W to Vendor 1.  Car payments made on or after October 1, 2010, may nevertheless be traceable to payments made by H&W to Vendor 1, because (a) H&W made payments to Vendor 1 through November 2010 for invoices dated prior to Ravelo's departure from H&W and (b) amounts paid by H&W through November 2010 may have been moved to the Ravelo Account even after that date.

27.     H&W thus has an ownership interest in the Bentley Sedan as a constructive trust beneficiary.

## II.    TIMELINESS OF CLAIM

28.     H&W has been made aware that on January 24, 2015, the Government filed a Notice of Forfeiture regarding these Properties on an official internet government forfeiture site. However, H&W did not have *actual* knowledge of this publication until after the 60-day claim period had expired and thus did not file its claim during that period.

29.     H&W asks this Court to find "good cause"[3] to extend the claim period for H&W, for the following reasons:

    a.     The Government, having described H&W's role as "Law Firm 1" in the Complaint, is aware that H&W is a victim of the fraudulent scheme and is thus a potential

---

[3] The deadline for filing a claim may be altered by the court for "good cause." *See* Rule G(5)(a) (ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

7

claimant. Nevertheless, the Government did not provide H&W with direct notice of this forfeiture action.

      b.      Because H&W's role as "Law Firm 1" is described in the Complaint, H&W's role as a potential claimant is well-known to the Government and all other Claimants. H&W's claim thus will not surprise or prejudice any interested party. To the contrary, H&W is a victim for purposes of remission and restoration, pursuant to which H&W would be entitled to a share of forfeited funds.

      c.      This action was stayed on February 24, 2015, before the expiration of the 60-day claim period. *See* Consent Order Staying Action, Dkt. 17. The related criminal cases have been continued three times, most recently until July 7, 2015.[4] Accordingly, H&W's claim will not cause prejudice or delay to the Government, the other Claimants, or this Court.

**WHEREFORE,**

30.      H&W claims an interest in the Properties and requests entry of judgment declaring H&W a constructive trust beneficiary of the Properties; and

31.      H&W objects to forfeiture of the six Properties identified as Defendants *in rem* in this matter; and

32.      H&W requests such other and further relief as this Court deems just and equitable.

---

[4] *See United States v. Ravelo*, Mag. No. 14-6800-01, Order for Continuance, April 13, 2015 (Dkt. 49); *United States v. Melvin Feliz*, Mag. No. 14-6800-02, Order for Continuance, April 14, 2015 (Dkt. 50).

Dated: April 22, 2015　　　　　　　　　　　　Respectfully submitted,

**HUNTON & WILLIAMS LLP**

By: _____
　　　Walfrido J. Martinez
　　　200 Park Avenue, 52nd Floor
　　　New York, NY 10166-0005
　　　(212) 309-1000
　　　wmartinez@hunton.com

　　　Robert M. Rolfe
　　　M. Christine Klein
　　　951 East Byrd Street
　　　Richmond, VA 23219
　　　(804) 788-8200
　　　rrolfe@hunton.com
　　　cklein@hunton.com

## VERIFICATION

New York City, New York

    Walfrido J. Martinez, being duly sworn, deposes and says:

    I am the Managing Partner of Hunton & Williams LLP, a claimant in this action. I have read the foregoing Verified Claim of Interest, and I know the contents of the same to be true to my own knowledge. I make this verification because Hunton & Williams LLP is a law firm and I am a Partner thereof. The grounds and basis for my knowledge and belief are Hunton & Williams LLP's books and records and the Complaint in the above-referenced action.

_____

Sworn to before me
on the 22nd day of April 2015

_____
Notary Public

MARILYN MOLINA
Notary Public - State of New York
No. 01MO6233178
Qualified in Bronx County
My Commission Expires December 27, 20_18_

**CERTIFICATE OF SERVICE**

      I, Walfrido J. Martinez, pursuant to 28 U.S.C. § 1746, under penalty of perjury, certify that on April 22, 2015, I served a true and correct copy of the foregoing by U.S. mail, first class postage pre-paid, on Assistant United States Attorney Marion Percell, the government attorney designated under the Federal Rules of Civil Procedure Supplemental Rule G(4)(a)(ii)(C) as follows:

      Assistant United States Attorney Marion Percell
      United States Attorney's Office
      District of New Jersey
      970 Broad Street, Suite 700
      Newark, NJ 07102